IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| COREY MOORE,<br><br>Petitioner<br><br>v.<br><br>WARDEN HUTCHINSON,<br><br>Respondent | Case No. 1:23-cv-52<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>MEMORANDUM OPINION ON<br>PETITION FOR WRIT OF HABEAS<br>CORPUS |

I.   Introduction

Presently pending is a petition for writ of habeas corpus filed by pro se Petitioner Corey Moore (Petitioner) pursuant to 28 U.S.C. § 2241. ECF No. 1. For the following reasons, Petitioner's § 2241 petition must be dismissed based on his failure to exhaust his claims.[1]

II.   Background

Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), currently incarcerated at FCI McKean. Assuming he receives all Good Conduct Time (GCT) available to him under 18 U.S.C. § 3624(b), Petitioner's projected release date is August 17, 2024. ECF No. 14-1 ¶ 1.

In his petition for writ of habeas corpus, Petitioner contends that the BOP failed to apply Federal Time Credits (FTC) to his sentence and pre-release custody pursuant to the First Step

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

Act (FSA).[2] He seeks an order directing the BOP to "immediately apply [his] earned First Step Act credits and re-calculate [his] sentence." ECF No. 1.

III. Discussion

An inmate seeking habeas relief pursuant to § 2241 must first exhaust the BOP's administrative remedies as to his claim. *See, e.g.*, *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (citing *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)). The exhaustion requirement: (1) fosters administrative autonomy by providing the BOP with the opportunity to correct its own errors before the federal court becomes involved; (2) conserves judicial resources by permitting the BOP to grant the relief requested if such relief is warranted; and (3) facilitates judicial review, in the event that such review is ultimately required, by allowing the BOP the opportunity to develop a factual record and apply its expertise. *See, e.g.*, *Moscato*, 98 F.3d at 761-62.

Pursuant to 28 C.F.R. § 542.13, inmates are first encouraged to attempt to resolve their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution fails, the inmate may file a formal complaint with the Warden of his institution. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may file a Central Office Appeal with the BOP's Office of General Counsel within 30 days of the date of the Regional Director's response. *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP. *Id.* If, at some level, the inmate does not

---

[2] Pursuant to the First Step Act, earned time credits can be applied toward earlier placement in pre-release custody or toward a term of supervised release. 18 U.S.C. § 3632(d)(4)(C).

2

receive a response within the time allotted for reply, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

In the instant case, Petitioner submitted a Request for Administrative Remedy Informal Resolution Form on September 20, 2022, requesting application of FSA Time Credits. ECF No. 15-1 at 11; ECF No. 14-1 ¶ 3. A staff member denied his request, noting that "all First Step Act credits are being calculated and applied automatically per BOP policy." ECF No. 15-1 at 11. The following day, Petitioner submitted a formal Request for Administrative Remedy seeking the same relief. ECF No. 15-1 at 9. The Warden denied that request on October 14, 2022. *Id.* at 7-9; ECF No. 14-1 ¶ 3.

On October 27, 2022, Petitioner appealed the Warden's decision to the Northeast Regional Office (Regional Office). ECF No. 14-1 ¶ 3. On December 22, 2022, the Regional Office denied his appeal because it was not signed and dated. *Id. See also* ECF No. 15-1 at 1-4. Petitioner was informed that he could resubmit his appeal within 10 days. *Id.* Petitioner failed to do so. *Id. See also* ECF No. 14-3 at 3-4. According to Petitioner, he did not refile his appeal because "[t]he Regional Director's office repeatedly rejected my appeal on very technical grounds, thwarting my attempts." ECF No. 1 at 3.

Because Petitioner did not properly appeal his adverse decision to the Regional or Central Office, his claim has not been exhausted. Moreover, because the time period in which to exhaust his claim has long expired, his claim has now been procedurally defaulted. *See, e.g., Moscato,* 98 F.3d 761-62; *Spicer v. Ebbert,* 2019 WL 1841467, at *4 (M.D. Pa. Feb. 15, 2019) ("[The] exhaustion rule in federal habeas corpus proceedings is also subject to a procedural default requirement."). As noted by the Third Circuit, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all

additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *Id. See also Beckford v. Martinez*, 408 Fed. Appx. 518, 520 (3d Cir. 2010) ("[T]he record reflects that [the petitioner's] administrative appeals were rejected as untimely. Absent a showing of cause and prejudice for his procedural default, review of the merits of [his] habeas petition is barred.").

In his response, Petitioner argues that, had he continued to attempt to exhaust his administrative remedies, "the issue may well have become moot" due to the passage of time. ECF No. 15 at 2. He also suggests that the Regional Office "thwarted" his attempt to exhaust by rejecting his appeal on "very technical grounds," such as the signature requirement. ECF No. 1 at 3.

A failure to exhaust administrative remedies may only be excused in "rare circumstances." *Powell v. Christensen*, 2023 WL 2060712, at *2 (M.D. Pa. Feb. 16, 2023). For example, "exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" *See Brown v. Warden Canaan USP*, 763 Fed. Appx. 296, 297 (3d Cir. 2019) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)). Notably, courts have repeatedly held that FSA earned-time-credit disputes are "unrelated to statutory construction" and thus "must first be properly exhausted through the BOP system." *Delgado v. Barraza*, 2023 WL 4553380, at *2 (M.D. Pa. July 14, 2023); *Bell v. Finley*, 2022 WL 1721045, at *3 (M.D. Pa. May 27, 2022) (same). Consequently, the Court need only consider whether exhaustion in the instant case would have been futile.

Petitioner's first argument – that exhaustion was futile because it would have taken too long and would have been unsuccessful – can be quickly dismissed. "[D]istrict courts within the

Third Circuit have repeatedly rejected the argument that a federal prisoner can be excused from the exhaustion requirement simply because he is approaching his projected release date and may not finish his administrative appeal before a potential habeas claim would become moot." *Sutton v. Moser*, 2019 WL 2743959, at *4 (W.D. Pa. July 1, 2019) (collecting cases). *See also Bortolotti v. Knight*, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022) (noting that courts "have rejected these time restriction arguments," especially in cases where administrative exhaustion is necessary to establish a factual record regarding the Petitioner's contentions); *Allah v. Rechtenwald*, 2016 WL 6081524, at *3 (W.D. Pa. Aug. 19, 2016) ("A federal prisoner is not permitted to skip the exhaustion requirement and pursue relief in federal court" because he believes that the administrative remedy process will not be completed in time). Nor is exhaustion rendered futile "simply because a prisoner anticipates he will be unsuccessful in his administrative appeals." *Powell*, 2023 WL 2060712, at *2 (collecting cases) (internal quotation omitted); *Cole v. Spaulding*, 2023 WL 3876486, at *2 (M.D. Pa. May 22, 2023) ("[A] petitioner's belief that exhaustion will be unsuccessful is not sufficient to excuse exhaustion.").

To the extent that Petitioner maintains that prison officials thwarted his attempts at exhaustion by strictly enforcing the signature requirement, Petitioner is reminded that, "[i]n order to exhaust administrative remedies, a federal prisoner *must* comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations." *Bell v. Spaulding*, 2023 WL 3851981, at *2 (M.D. Pa. June 6, 2023) (emphasis added). *See also McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules") (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (noting that "proper exhaustion" means "using all steps that the agency holds out, and doing so *properly*") (emphasis in original)). This

includes the requirement that an inmate appealing the denial of an administrative request "*shall date and sign the Appeal* and mail it to the appropriate Regional Director . . ." 28 C.F.R. § 542.15(b)(3) (emphasis added). An inmate's failure to comply with this type of procedural requirement, and the BOP's enforcement of the same, does not support a finding of futility. *See, e.g., Forte v. Longley*, 2012 WL 4754972, at *3 (W.D. Pa. Sept. 13, 2012) (applying procedural default to claim that was rejected at the administrative level because inmate's regional appeal contained too many pages and his central appeal did not include a copy of the regional appeal decision); *Washington v. Hodges*, 2014 WL 5396188, at *3 (S.D. Ill. Oct. 22, 2014) (concluding BOP inmate failed to properly exhaust administrative remedies because, *inter alia*, his appeal to the Central Office contained too many continuation pages and failed to contain the requisite the number of copies); *Strouse v. Wilson*, 2014 WL 843276, at *5 (E.D. Va. Mar. 4, 2014) (same). In the absence of any evidence that the BOP's enforcement of the signature requirement prevented Petitioner from satisfying his administrative obligations, his request for habeas relief must be dismissed for failure to properly exhaust his claims. *See, e.g., Vasquez*, 684 F.3d at 434 (district court properly dismissed federal prisoner's § 2241 petition because he failed to exhaust his administrative remedies); *Spicer*, 2019 WL 1841467, at *4 ("With respect to his complaints regarding this sentence calculation, Spicer is an inmate who has failed to exhaust his remedies, and now fails to provide cause and prejudice which excuses this earlier procedural default. Therefore, these unexhausted claims should be dismissed.").

IV.   Conclusion

For the foregoing reasons, Moore's petition for a writ of habeas corpus will be dismissed because the claims asserted therein are procedurally defaulted.[3]  An appropriate order will follow.

_____
RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated: December 11, 2023

---

[3] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).